# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                         CRIMINAL ACTION NO. 2:18-cr-00225-05

TERRENCE JOSEPH MCGUIRK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendant Terrence McGuirk's Motion to Sever* (Document 627), joined by Defendant Aurelius Edmonds, wherein he argues that he would be "seriously prejudiced by being tried alongside Defendants Edmonds, Terry, Payne, Rhodes, Eldred, and Holley" in Count One. (Mot. 627 at 2.) He contends that the "mere allegations of the charges in Counts 3,4,5,6,7,8, & 9 would be sufficient for a jury to stray from the real issues of the charge of conspiracy in Count 1." (*Id.*)

The Court has also reviewed the *United States Response to Motion to Sever* (Document 648), wherein the United States argues that Mr. McGuirk and Mr. Edmonds are each charged in multiple counts of the second superseding indictment. It contends that the offenses are similar and the Defendants in this matter "are alleged to have committed offenses that are based on a common scheme or plan to acquire and distribute various controlled substances – primarily methamphetamine – in and around Parkersburg, West Virginia and elsewhere." (Resp. 648 at 2–3.) "Counts One and Two allege conspiracy, and the remaining counts allege specific substantive

crimes in support of the conspiracy." (*Id.* at 3.) It cites the presumption that cases indicted together should be tried together and argues that the Defendants have not established that they would suffer actual prejudice absent severance.

Rule 14 of the Federal Rules of Criminal Procedure provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. The Supreme Court has noted that Rule 14 "leaves the tailoring of the relief to be granted [to alleviate prejudice], if any, to the district court's sound discretion." *Id.* Severance of either defendants or counts joined in an indictment is disfavored absent a showing of prejudice "because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008)

The Defendants' motion does not identify any specific prejudice that would result from trying the Defendants and counts jointly. The Defendants are accused of participating in a drug conspiracy, and the non-conspiracy counts are crimes allegedly committed in furtherance of the conspiracy. Evidence as to the non-conspiracy counts would largely be admissible as to the Count

2

One conspiracy. Multiple trials would require the presentation of similar evidence repeatedly, imposing a substantial burden on the Court, the parties, and witnesses. Absent identifiable prejudice, the Court finds no basis to sever.

Wherefore, after careful consideration, the Court **ORDERS** that *Defendant Terrence McGuirk's Motion to Sever* (Document 627), joined by Defendant Aurelius Edmonds, be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: January 30, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA