# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:18-cr-00225-05

TERRENCE JOSEPH MCGUIRK,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant's Motion to Suppress Evidence Pursuant to Franks v. Delaware* (Document 628), filed by Defendant Terrence McGuirk and joined by Defendants Michael Rhodes, Aurelius Edmonds, and Michael Holley. Therein, the Defendant challenges the July 23, 2018 wiretap application, which he alleges misleadingly suggested that the telephones were subject to a previous order to intercept communications. The application also references "approximately 329 calls" between a telephone belonging to James Kilkenny, identified as "a known methamphetamine dealer in Parkersburg, West Virginia" and Subject Telephone 4 between May 20, 2018 and July 4, 2018. However, Mr. Kilkenny was incarcerated during that period, rendering the suggesting that the subject telephone was being used for frequent communications with a "known methamphetamine dealer" misleading. Mr. McGuirk further notes that one of the law enforcement officers involved in the wiretap application and monitoring of communications, then-Trooper First Class C. A. Blevins, was found to have made material omissions and misrepresentations related to a search warrant in the Northern District of West Virginia. He seeks

to suppress all evidence obtained as a result of the interception of Subject Telephones 4, 5 and 6, and requests an evidentiary hearing as to this motion.

The Court has also reviewed the *United States Response to Motion to Suppress Evidence Pursuant to Franks v. Delaware* (Document 650), the separately-filed, sealed exhibit containing the wiretap affidavit (Document 660) and *Defendant Terrence McGuirk's Reply to United States Response to Motion to Suppress Evidence Pursuant to Franks v. Delaware* (Document 703). The United States argues that the July 23, 2018 wiretap application, affidavit, and order sought initial, rather than continued, interception of wire and electronic communications, and the styles correctly reflect that purpose. A "typographical error" in one paragraph misstates the purpose "as seeking the initial interception of wire and *continued* interception of electronic communications." (Resp. 650 at 3, citing Affidavit P. 4) (emphasis in original.) The United States explains that communications over the subject telephones had not been previously monitored, although the evidence linking those telephones to the investigation "includes communications involving the Subject Telephones that occurred over other wiretapped telephones." (*Id*. at 4.) The United States argues that the erroneous reference to continued interception had no impact on the probable cause determination.

The United States contends that agents possessed information believed to be reliable regarding James Kilkenny's status as a methamphetamine dealer and his identification with the Kilkenny phone. It notes that the Defendants have not offered evidence or proof of their assertion that Mr. Kilkenny was incarcerated at the time the calls took place, and states that "agents believe that Kilkenny was not incarcerated during this time." (*Id.* at 5.) In addition, the United States contends that even if the Kilkenny information were false, probable cause was amply established

by other information, including intercepted communications between Subject Telephone 3 and Subject Telephone 4.

Finally, the United States argues that the probable cause determination is not impacted by the absence of a witness statement regarding Mr. McGuirk's status as a supplier to Mr. Rhodes, or by the attack on the credibility of "an officer whose only involvement in this case was to work in the wire room monitoring intercepted communications." (*Id.* at 6.) That officer's credibility is of little relevance, according to the United States, because "[t]he affidavit clearly shows that the affiant personally reviewed all relevant intercepts before including them." (*Id.* at 6–7.)

In his *Reply*, the Defendant asserts that records from the Wood County, West Virginia, Circuit Court Clerk indicate that James Kilkenny was arrested on December 29, 2017 and on May 22, 2018 and did not post bond. The Defendant claims that Kilkenny was incarcerated until he was sentenced on August 27, 2018 and that the affidavit submitted in support of the wiretap failed to indicate that the communications intercepted from the "Kilkenny phone" were not made by James Kilkenny. The Defendant attached four exhibits in support of this argument.

18 U.S.C. § 2518 governs the interceptions of wire, oral, and electronic communications. That provision requires that wiretaps be authorized in advance by a judge and requires the presentation of specified information.

> In order to issue a wiretap, a judge must determine, on the basis of the application for the wiretap, that probable cause exists to believe that (1) an individual is committing, has committed, or is about to commit an offense enumerated in 18 U.S.C. § 2516; (2) particular communications concerning that offense will be obtained by the wiretap; and (3) the target facilities will be used in connection with the offense. The trial judge must also determine (4) the necessity for the wiretap—that is, normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or appear to be too dangerous.

*United States v. Sellers*, 512 F. App'x 319, 328 (4th Cir. 2013) (unpublished) (internal citations omitted). "The probable cause required for issuance of a wiretap order is the same as that which is necessary to obtain the issuance of a search warrant." *United States v. Talbert*, 706 F.2d 464, 467 (4th Cir. 1983).

The Court has carefully reviewed the wiretap application and affidavit. As the Court previously found in denying *Defendant Terrence McGuirk's Motion to Exclude Evidence of Audiotapes* (Document 624), the misstatement regarding "continued" rather than "initial" interception of electronic communications had no impact on the probable cause analysis and, given the lack of any additional reference to prior interceptions of the subject telephones, was not misleading. The application and affidavit contain ample evidence supporting a probable cause determination as to each subject telephone. Subject Telephone 4 was involved in conversations arranging drug sales to Michael Rhodes that were monitored via the previously approved wiretap on Subject Telephone 3. The number of calls and messages—3,621 calls and 4,525 texts—during the approximately three-week period between May 20, 2018 and July 5, 2018, is itself somewhat suspicious. In addition, Mr. McGuirk, then identified as UNSUB-2, used both Subject Telephone 4 and Subject Telephone 5, and calls between those phones and devices subject to previous interception orders indicated substantial involvement in drug distribution. Although the exhibits submitted by Mr. McGuirk with his *Reply* do not conclusively establish the time frame during which Mr. Kilkenny was incarcerated, the Court has considered whether the application sets forth probable cause as to Subject Telephone 4 without reference to the Kilkenny phone. Although the communications between Subject Telephone 4 and the Kilkenny phone are relevant to the probable

cause analysis, they are not necessary to support the finding that probable cause existed for interception of wire and electronic communications on Subject Telephone 4.

Given this conclusion, the Court finds that a *Franks* hearing is unnecessary. *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978) (holding that a hearing is required if the challenger to a warrant makes specific allegations of falsehoods accompanied by an offer of proof, *and* there is not sufficient evidence to support a finding of probable cause absent the allegedly false material); *United States v. Robinson*, 770 F. App'x 627, 628–29 (4th Cir. 2019) (unpublished); *see also United States v. Sellers*, 512 F. App'x 319, 329 (4th Cir. 2013) (finding that wiretap applications satisfied "the probable cause and necessity standards" after "excising the allegedly impermissible" supporting information, and declining to engage in additional analysis into potential justifications for use of the challenged information).

Mr. McGuirk's remaining arguments likewise fail to establish that the wiretap application was not supported by probable cause or was tainted by false or misleading information. Therefore, after careful consideration, the Court **ORDERS** that the *Defendant's Motion to Suppress Evidence Pursuant to Franks v. Delaware* (Document 628) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 5, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA