# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        CRIMINAL ACTION NO. 2:18-cr-00225-05

TERRENCE JOSEPH MCGUIRK,

        Defendant.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendant Terrence McGuirk's Motion to Void Plea Agreement* (Document 927) and the *United States' Response to Motion to Void Plea Agreement* (Document 929). For the reasons stated herein, the Court finds that the motion must be denied.

Mr. McGuirk entered into a plea agreement on February 24, 2020, the morning his trial was scheduled to begin. Several co-defendants likewise entered guilty pleas on the morning of trial. He pled to Count One of the Second Superseding Indictment, alleging conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. The United States agreed to dismiss Counts Three through Nine against him, each of which charged him with aiding and abetting the use of a communication facility to facilitate drug trafficking in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.[1] It also agreed not to file an Information pursuant to 21 U.S.C. § 851, which would have resulted in increased mandatory minimum penalties.

---

1 The plea agreement incorrectly cites the code section as 18 U.S.C. § 843(b) but includes the appropriate title and description of the offenses, which are cited correctly in the second superseding indictment.

In the February 24, 2020 plea agreement, the parties agree that a base offense level of 38 is applicable, and expressly reserve the right to argue their positions regarding a potential role enhancement.   The agreement provides that Mr. McGuirk waives his right to appeal so long as his sentence is within or below the Sentencing Guideline range corresponding to offense level 42, and the United States waives the right to appeal any sentence within or above the Sentencing Guideline range corresponding to offense level 36.   Mr. McGuirk states that he did not understand that the appeal waiver would correspond to an offense level of 42.   He indicates that he rejected a previous plea offer that contained an agreement that the adjusted offense level, with a role enhancement, would be 42.   That agreement also contained an appeal waiver for a sentence corresponding with offense level 42, and he countered with a request that the portion of the agreement approving the aggravating role enhancement be removed.   He contends that "[t]he magnitude of the charges, potential sentence, and facing a jury coerced the Defendant to enter the plea without knowingly and voluntarily agreeing" to the appellate waiver corresponding to offense level 42.  (Mot. at 2.)   He argues that he "was so gripped by fear that he could not rationally weigh the advantages of going to trial against the advantages of pleading."  (*Id.*)   In addition, he states that he had not fully processed certain supplemental disclosures provided within thirty-five days of trial and was not sure which potential Government witnesses would testify at trial, which improperly pressured and coerced him to enter his guilty plea.

At the plea hearing on February 24, 2020, the United States orally outlined the provisions contained in the plea agreement, including the appellate waiver.   Mr. McGuirk indicated that he understood the agreement, that each paragraph had been explained to him.   He also verified his signature and his initials on each page of the plea agreement.

2

The Court also inquired as to Mr. McGuirk's understanding of the terms of the plea agreement, including the appellate waiver.   The Court initially mis-stated the waiver, inquiring of Mr. McGuirk as follows:

> THE COURT: In fact, as I review the plea agreement, you have agreed to waive your right to seek appellate review of your conviction, any fine, or term of imprisonment or term of supervised release so long as the sentence of imprisonment, fine, or term of supervised release is below or within the guideline range associated with an Offense Level 42 -- or 38. I'm sorry.
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: And it is 38, not 42. Do you understand that?
> THE DEFENDANT: Correct, Your Honor.

(Plea Tr. at 25::12-24.)

The Assistant United States Attorney interrupted to clarify:

> MR. HANKS: I'm sorry, Your Honor. The waiver does correspond to a 42, the reason being that the parties are going to reserve their right to argue about the applicability of an enhancement. But it will be sort of a winner-take-all in the sense that no one will appeal the Court's ruling on that.
> THE COURT: All right. I apologize. The agreement that I read I thought had 38 in it and the Government's was 42.
> MR. HANKS: That's correct.
> THE COURT: So there's been a change? Is that correct or not?
> MR. HANKS: The plea agreement that was signed and tendered to the Court and summarized did have the 42.
> THE COURT: All right.
> MR. HANKS: We don't know what the probation officer will recommend on that, but that's why it's set up that way.

(*Id.* at 26::3-20.)

Mr. McGuirk and his attorney conferred off the record.   As they were conferring, the Court stated: "I want to say, because it may be helpful, that it was my error in that the parties agreed on

a Base Offense Level of 38, not a sentencing guideline range of 38." (*Id.* at 27::1-3.)   After Mr.

McGuirk and his attorney finished conferring and indicated he was ready to proceed, the Court

returned to its colloquy with Mr. McGuirk:

> THE COURT: All right. Mr. McGuirk, let me begin again with that question to ensure that I have not added to confusion to it. Do you understand that you've waived your right to seek appellate review of your conviction and of any sentence of imprisonment, fine, or term of supervised release on any ground whatsoever so long as the sentence of imprisonment, fine, or term of supervised release is below or within the sentencing guideline range corresponding to an Offense Level 42?
> THE DEFENDANT: Yes, Your Honor.

(*Id.* at 27::11-21.)   Mr. McGuirk further affirmed that he had discussed all of the waivers of

appellate and collateral attack rights with his attorney and wished to proceed despite those waivers.

In its response to the Defendant's motion to void his plea agreement, the United States

notes that the motion does not expressly seek to withdraw the plea of guilty, but instead requests

that the plea agreement be voided.   The United States argues that the plea agreement is

contractual, and expressly provides that it may be voided only if either party breaches the

agreement or the Court refuses to accept it.   The United States argues that neither party has

breached the agreement, the Court has not yet accepted or rejected it, and that Mr. McGuirk's

concern regarding the appellate waiver may not come to pass, should the Court impose a sentence

within or below the Guideline range corresponding to offense level 38.[2]

The Fourth Circuit has explained that courts must apply both contractual and constitutional

waiver analysis to plea agreements.   *United States v. Patterson*, 261 F. App'x 505, 508–09 (4th

---

[2] The Presentence Investigation Report calculated Mr. McGuirk's criminal history category as III.   An offense level of 38 results in a Guideline range of 292 to 365 months, while offense level 42 results in a range of 360 months to life.

4

Cir. 2008).   "[W]ith predictability and reliance as the foundation of plea bargaining, the Court must apply fundamental contract and agency principles to plea bargains as the best means to fair enforcement of the parties' agreed obligations.   *Id.*

The Court finds that the Defendant has not set forth a basis for voiding the plea agreement. All criminal defendants are faced with the choice of entering a plea or proceeding with trial, and the stress and pressure of an impending trial does not invalidate a counselled and informed plea agreement.   Mr. McGuirk indicated that he understood each provision of the plea agreement during the plea hearing.   There is no contractual basis for invalidating the plea agreement or any specific provision contained therein.   In addition, because the Defendant seeks to void his plea agreement entirely, returning the parties to their pre-agreement positions, the motion also implicates the standards applicable to withdrawal of a plea of guilty.

Rule 11(d) of the Federal Rules of Criminal Procedure provides, as relevant, that "A defendant may withdraw a plea of guilty, after the court accepts the plea, but before it imposes sentence if: the defendant can show a fair and just reason for requesting the withdrawal."   Fed. R. Cr. Pro. 11(d)(2)(B).   The Fourth Circuit has held that "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted."   *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003).   In addition, the Fourth Circuit has established a non-exclusive list of factors for consideration in motions to withdraw guilty pleas:

> The factors include (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to

the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Mr. McGuirk does not assert his legal innocence.   Although there has been a delay of approximately six months between entry of the plea and the filing of the motion, the Court is aware that the novel coronavirus pandemic has created communication difficulties for incarcerated defendants and their attorneys.   Therefore, the Court will treat that factor as neutral.   The Defendant's counsel is competent and has provided close assistance, which the Defendant acknowledged during his plea colloquy.[3]   The Defendant entered into his plea on the day trial was scheduled to begin.   Withdrawal of his plea would require the United States to again expend considerable resources to secure the attendance of witnesses, including co-defendants who have now been sentenced and may be incarcerated in distant locations.   A jury had already been selected and proceeding to trial would require the Court to redo voir dire and trial preparation.

Most relevant to the Defendant's motion is whether there is credible evidence that the plea was not knowing or voluntary.   More than a year passed between the Defendant's initial indictment and his guilty plea.   Although the plea agreement he accepted was proffered on the same day as the plea hearing, his motion indicates that a similar plea agreement was proffered approximately three weeks earlier.   Thus, he had sufficient time to consider his options.   He affirmed that he understood the terms of the plea agreement.   He signed the plea agreement and initialed each page.   The plea colloquy included extensive discussion of the appellate waiver, including clarifying that Mr. McGuirk was waiving the right to appeal a sentence corresponding

---

3 The Defendant has at times expressed dissatisfaction with his appointed counsel.   The Court found that the dissatisfaction and communication difficulties would not be alleviated by replacement counsel, and the Court observed throughout the proceedings that the Defendant was able to consult his attorney.

6

to offense level 42, even though the parties had agreed on a base offense level of 38 and had not reached an agreement regarding a potential aggravating role enhancement.

Neither the plea colloquy nor the *Moore* factors support a finding that there is a fair and just reason to permit Mr. McGuirk to withdraw his plea of guilty.  The same facts, as well as contractual and constitutional principles, preclude any effort to void the plea agreement, in whole or in part. Therefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Terrence McGuirk's Motion to Void Plea Agreement* (Document 927) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:     August 24, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7